511 A.2d 64

**Carlton R. SHERMAN, Personal Representative of the Estate of Melvin G. Bosely, et al.**

v.

**R. Walter WARD, et al.**

**No. 1302, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 8, 1986.

Certiorari Denied Nov. 5, 1986.

213

Bardyl R. Tirana (Jane M. Eldredge and Silverstein and Mullens, on brief), Washington, D.C., for appellant, Sherman.

Benjamin Rosenberg (Venable, Baetjer and Howard, on brief), Baltimore, for the other appellants.

Sidney G. Leech (Wendy Widmann and Semmes, Bowen & Semmes, on brief), Baltimore, for appellee, Ward.

Cecilia Januszkiewicz (Nathan Braverman and Garbis, Marvel & Junghans, on brief), Baltimore, for appellee, Catherine E. Bosely.

Argued before WEANT, BISHOP and KARWACKI, JJ.

KARWACKI, Judge.

In this appeal we are asked to review the construction by the Circuit Court for Harford County of a shareholder's agreement creating a voting trust. The issue is who is entitled to serve as the third trustee of that trust. The two contestants for that position are Catherine Eileen Bosely, the surviving widow of Melvin G. Bosely, and Roy A. Bosely, the nominee of the children of Melvin G. Bosely. Judge Brodnax Cameron, Jr. entered a declaratory judgment in favor of Mrs. Bosely.

The circumstances under which this controversy arose are undisputed. Melvin G. Bosely died testate on January 8, 1985. At the time of his death, Mr. Bosely owned 50 percent of the common stock of Art Builders, Inc., a Maryland corporation engaged in real estate development. The owner of the remaining 50 percent of Art Builders stock is R. Walter Ward. All of the stock of the corporation is subject to the terms of a shareholders' agreement dated October 31, 1982 (the Agreement). The express purpose of the Agreement was to "provide continuity of ownership and management of the corporation after the death of a shareholder." The Agreement effected that purpose by requiring that, upon the death of either Mr. Bosely or Mr. Ward, all shares of stock in Art Builders would be transferred to a voting trust to be held by three trustees. Section 12(b) of the Agreement identified the trustees as follows:

(b) *Trustees.* The trustees of the voting trust shall be the surviving Shareholder, Carlton R. Sherman, and a third trustee, who shall be selected according to the following priorities. The third trustee shall be the de-

ceased Shareholder's executor or administrator, provided that such executor or administrator must be a natural person. If the deceased Shareholder's executor or administrator is not a natural person, then the third trustee shall be the deceased Shareholder's surviving spouse, provided that such spouse must be a principal beneficiary of the deceased Shareholder's estate. If such surviving spouse is not a principal beneficiary of the deceased Shareholder's estate or if the deceased Shareholder has no surviving spouse, the principal beneficiaries of the deceased Shareholder's estate shall elect a natural person to serve as the third trustee. Notwithstanding the provisions of this Section 10(d)[1], the third trustee shall in all events be a natural person other than the surviving Shareholder or Carlton R. Sherman.

Mr. Bosely was married to Catherine Eileen Bosely when he executed the Agreement. His children, who dispute her right to act as the third trustee of the voting trust, are the issue of a prior marriage of Mr. Bosely.

Mr. Bosely executed his will on November 30, 1984, after he became aware that he was suffering from a terminal illness. A codicil thereto was dated December 12, 1984, but did not materially affect his previous testamentary design. Under his will, Mrs. Bosely was bequeathed certain tangible personal property and an income for life from a trust comprising one-third of the estate. She was given limited rights to invade the corpus of that trust but no power of appointment over the corpus. The residue of the estate was bequeathed to a trust for the benefit of Mr. Bosely's children. Carlton R. Sherman was named the trustee of each trust under the will and also the executor of Mr. Bosely's will. Mrs. Bosely, on January 21, 1985, as permitted by Md. Code (1974, 1985 Supp.), § 3–203 of the Estates and Trusts Article,[2] elected to take one-third of the net

---

**1.** All parties agree that § 10(d) was cited to erroneously and that the passage should read "this Section 12(b)."

**2.** All further statutory references are to this Article of the Md. Code.

estate instead of the property left to her under the will. Carlton R. Sherman is a certified public accountant who had been retained by Mr. Bosely, Mr. Ward, and Art Builders since 1977.

The appellants and the appellees agree that the terms of the Agreement are unambiguous, and the trial court so found. The disagreement is over the effect of the language employed. Therefore, we begin our analysis by reciting some well settled principles. Where the language of a contract, considered in light of its subject matter and its object and purpose, is clear and unambiguous, the issue of its proper construction is a matter of law for the court. *H & R Block, Inc. v. Garland,* 278 Md. 91, 359 A.2d 130 (1976); *Della Ratta, Inc. v. Amer. B. Com. Dev.,* 38 Md. App. 119, 380 A.2d 627 (1977). And, in construing the contract, the court will apply an objective test to its interpretation. It must be presumed that the parties meant what they expressed. The inquiry should focus on what a reasonable person in the position of the parties to the contract would have thought the contract language meant rather than what the contracting parties actually intended it to mean. *Roged, Inc. v. Paglee,* 280 Md. 248, 254, 372 A.2d 1059 (1977), *Orkin v. Jacobson,* 274 Md. 124, 128–29, 332 A.2d 901 (1975); *Kasten Constr. v. Rod Enterprises,* 268 Md. 318, 328–29, 301 A.2d 12 (1973); *U.S.I.F. Triangle v. Rockwood Dev. Co.,* 261 Md. 379, 383–84, 275 A.2d 487 (1971); *Seldeen v. Canby,* 259 Md. 526, 531, 270 A.2d 485 (1970); *Della Ratta, Inc. v. Amer. B. Com. Dev., supra.*

■ Mr. Bosely and Mr. Ward, in order to provide continuity of the ownership and management of Art Builders after the death of either, agreed that when the first of them died, all of their stock would be transferred to three trustees of a voting trust. The survivor of them and their trusted accountant, Mr. Sherman, would serve as two of the trustees. As to the identity of the third trustee, they set these priorities as we construe them from the language they employed in § 12(b) of the Agreement:

First—The deceased shareholder's executor or administrator, provided that such executor or administrator must be a natural person (lines 6–9) [3] other than the surviving shareholder or Carlton R. Sherman (lines 22–26).

Second—If the deceased shareholder's executor or administrator is not a natural person [or if that position is held by the surviving shareholder or Carlton R. Sherman (lines 22–26)], then the third trustee shall be the deceased shareholder's surviving spouse, provided that such spouse must be a principal beneficiary of the deceased shareholder's estate (lines 9–15).

Third—If such surviving spouse is not a principal beneficiary of the deceased shareholder's estate or if the deceased shareholder has no surviving spouse, the principal beneficiaries of the deceased shareholder's estate shall elect a natural person to serve as the third trustee (lines 15–22) other than the surviving shareholder or Carlton R. Sherman (lines 22–26).

This construction effectuates the intention of the parties to the Agreement. They had agreed that Mr. Sherman could not be the third trustee since he already would be filling one of the other two trustee positions. They expressed this in lines 22–26 of § 12(b) of the Agreement. Consequently, that expressed intention must be given effect when reading the three expressed priorities for filling the positions of the third trustee. *Sagner v. Glenangus Farms*, 234 Md. 156, 167, 198 A.2d 277 (1964) (a "contract must be construed in its entirety and, if reasonably possible, effect must be given to each clause").

Furthermore, the parties' disqualification of Mr. Sherman from acting as the third trustee is important from the standpoint of their intention with regard to their second and third priorities for the position of the third trustee. The second priority must have contemplated the possibility that one of them would name as the executor of his will either

---

**3.** These references are to § 12(b) of the Agreement which is quoted on pp. 215–16, *supra*.

the survivor of them or Mr. Sherman; otherwise the condition to operation of the third priority would have been unnecessary.

Moreover, our interpretation of § 12(b) of the Agreement serves the evident purpose of the parties thereto. Mr. Bosely and Mr. Ward desired that after one of them died, the corporation management should effectively continue, and that each shareholder's interest would be adequately represented. The three trustees of the voting trust were chosen to maintain that desired balance. The surviving shareholder would represent his interests, Mr. Sherman would serve as a neutral party, and the third trustee would represent the interests of the beneficiaries of the deceased shareholder's estate. Because Mrs. Bosely has the largest interest of the beneficiaries of the estate of Mr. Bosely, she is the beneficiary most interested in the corporation's continued success.

In adopting this interpretation of the language employed by the parties in § 12(b) of the Agreement, we reject the arguments advanced by the appellants that:

A. Mrs. Bosely could only have qualified as the third trustee if her husband had named a corporate personal representative of his estate; and

B. Mrs. Bosely cannot qualify as the third trustee since she is not a principal beneficiary of Mr. Bosely's estate.

### A.

■ The appellants contend that since Mr. Bosely named a natural person as the executor of his will, his surviving widow is precluded from qualifying as the third trustee. They rely on the second sentence of § 12(b) of the Agreement and ignore the last sentence of that section which provides:

Notwithstanding the provisions of this section 12(b), the third trustee shall in all events be a natural person other than the surviving Shareholder or Carlton R. Sherman.

We believe that such an interpretation of § 12(b) would do violence to the plainly expressed intention of the parties to the Agreement. As we noted earlier, the parties obviously contemplated the possibility that either the survivor of them or Mr. Sherman might be named as the personal representative of their estate. In that case, realizing that Mr. Sherman or the survivor of them could not fill two of the three trustee's positions, they provided for a second priority for the third trustee—the surviving spouse of the deceased shareholder.

### B.

This argument of the appellants has several prongs. We will address each of them.

■ The appellants would disqualify Mrs. Bosely since she elected her widow's statutory share of the estate instead of the property left her under her husband's will. They rely on the third and fourth sentences of § 12(b) of the Agreement which provide:

> If the deceased Shareholder's executor or administrator is not a natural person, then the third trustee shall be the deceased Shareholder's surviving spouse, provided that such spouse must be a principal beneficiary of the deceased Shareholder's estate. If such surviving spouse is not a principal beneficiary of the deceased Shareholder's estate or if the deceased Shareholder has no surviving spouse, the principal beneficiaries of the deceased Shareholder's estate shall elect a natural person to serve as the third trustee.

They posit that "principal beneficiary of the deceased shareholder's estate" really was intended to mean "principal beneficiary under the deceased shareholder's will." We believe that such a construction would violate the objective test for the interpretation of contracts applicable in this state. In § 21 of the Agreement, Mr. Bosely and Mr. Ward stipulated that Maryland law should govern the construction of their contract. We therefore look to the Estates and

Trusts Article of the Maryland Code, *supra,* for definition of the terms in question. All property of a decedent is subject to the estates of decedents law, whether the decedent died testate or intestate. § 1–301. On the contrary, "will" under that Article is defined as a testamentary document that dictates the disposition of the decedent's estate. §§ 1–101(t), 4–101 through 107; *see Dietrich v. Morgan,* 179 Md. 553, 558, 20 A.2d 175 (1941).

■ The appellants alternatively argue that Mrs. Bosely, by virtue of her election against Mr. Bosely's will, became a creditor of the other beneficiaries of his estate rather than a beneficiary of his estate. We disagree.

Mrs. Bosely's distributive right to a share of her husband's estate is established by § 3–203(a) which provides:

> Instead of property left to him by will, the surviving spouse may elect to take a one-third share of the net estate if there is also a surviving issue, or a one-half share of the net estate if there is no surviving issue.

Her statutory share must be satisfied by distribution of a portion of each estate asset. §§ 3–208 and 9–104(a). If the legatees under the will wish, they may avoid the personal representative's distribution of a portion of each asset to the surviving spouse by paying the spouse "in cash, or other property acceptable to the spouse, an amount equal to the fair market value of the interest in specific property on the date the election to take an intestate share was made by the spouse." § 3–208(b). This alternative mechanism for satisfying the distribution rights of a spouse electing against a will does not convert the spouse from a distributee of the estate to a creditor thereof.

■ Relying on § 3–208(a), the appellants next assert that Mrs. Bosely, by virtue of her election against the will, should be deemed to have predeceased Mr. Bosely, and should therefore be unable to be a beneficiary of his estate. The appellants have misconstrued § 3–208(a) which provides:

Upon the election of the surviving spouse to take his intestate share of the property of the decedent, all property or other benefits which would have passed to the surviving spouse under the will shall be treated as if the surviving spouse had died before the execution of the will. The surviving spouse and a person claiming through him may not receive property under the will.

The only purpose of that subsection is to prevent a surviving spouse who elects her statutory share in lieu of her bequest under her husband's will from recovering anything under the will she rejects in addition to that which she received under the statute. *See* Comment to former Article 93, § 3–208, annotated under § 3–208.

■ Finally, the appellants suggest that even if Mrs. Bosely qualifies as a beneficiary of her husband's estate, she is not "a principal" beneficiary thereof. We are not persuaded to this view.

Mrs. Bosely's share of her husband's estate is the largest beneficial interest in the estate in terms of size, value, and control. In determining whether someone is a principal beneficiary, the relative importance of that person's interest compared to the interests of the other beneficiaries of the estate should be considered. *In re Estate of Barclay*, 215 Kan. 129, 523 P.2d 376, 380 (1974). No other beneficiary of Mr. Bosely's estate held more than a one-sixth interest. Also significant in deciding what the parties meant when they used the phrase "principal beneficiary," is the use of the same term in specifying under their third priority for the third trustee that the "principal beneficiaries" must be involved in the selection process. The children of Mr. Bosely, the appellants here, certainly insisted that they came within that designation when they elected Roy A. Bosely as their nominee for the third trustee. We hold that Mrs. Bosely qualifies as a principal beneficiary of her husband's estate.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY THE APPELLANTS.